MEB W. ANDERSON (10227)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
E-mail: mebanderson@agutah.gov

*Attorneys for Defendants*

---

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT R. BAKER, <br><br> Plaintiff, <br><br> v. <br><br> SIDNEY ROBERTS, et al., <br><br> Defendants. | **DEFENDANT DR. KENNON TUBB'S DECLARATION** <br><br> Case No. 2:15-CV-668 CW <br><br> Judge: Clark Waddoups |

I, Kennon Tubbs, under oath, state the following to be true and correct and based upon my personal knowledge:

1. I am a citizen of the United States and the State of Utah and am over the age of 18 years. I am a named defendant in this action.

2. I was employed by the Utah Department of Corrections ("UDOC") as a Physician from 1999-2015.

3. I have reviewed the allegations alleged against me in Plaintiff's complaint.

4. I do not have a specific recollection of Robert Baker, but have reviewed medical records related to my care of Mr. Baker.

5. Baker's specific allegations against me are vague at best regarding a visit over thirteen years ago on October 4, 2005. He alleges that I told him to buy shoes at the commissary instead of providing him with specialty shoes as recommended by a specialist at the University of Utah.

6. However, no specialist at the University of Utah had recommended "specialty shoes" for Baker. The U of U recommended, not prescribed, that Baker obtain better fitting shoes. This is exactly what I told him to buy at the commissary. New Balance shoes, which are the widest fitting shoe option, were available through the commissary. Baker needed wide fitting shoes.

7. Every inmate wants better shoes. If the standard prison issues shoes do not fit well enough, the prisoners can purchase shoes through commissary. In 2005 the prison was not utilizing the Pedors brand. New Balance wide fitting

shoes were Baker's best option for "better fitting" shoes as the University of Utah recommended.

8. My review of Baker's medical records and his clearance requests indicate that for at least five or six years after I told him to buy New Balance shoes at the commissary, he had no complaints about his shoes, or ability to obtain shoes. There would be no affirmative link to my recommendation to purchase shoes that actually fit him and any subsequent worsening of his condition.

9. Given the early and undiagnosed nature of Baker's neuropathy and poor circulation in 2005, when he entered prison, my advice to purchase New Balance shoes at the commissary, based on the recommendation of the U of U, was well within the standard of care regarding shoes for a prisoner with this condition.

10. Baker did not tell me in 2005 that he had neuropathy. He said he had MS and numbness in his feet.

11. When the referral to Dr. Terry Smith at UMC was made, Dr. Tubbs or Dr. Terry Smith noted that Plaintiff had a long history of shoe caused pressure sores, multiple sclerosis, and pedal numbness, and was currently being prescribed: Bacitracin ointment, Cephalexin, Ibuprofen, Actifed, and that he had a dressing change on September 29, 2005.  (Docket No. 13, at page 91 of 136.)

12.	Dr. Terry Smith recommended that Baker continue taking Cephalexin and that he receives daily dressing changes for ten days.  He also documented in his notes: "obtain well fitted 'wider shoes' otherwise this will repeat again." (Docket No. 13, at page 93 of 136.)

13.	Based off of the review of the medical records, and if I had received such a recommendation from a podiatrist at the U of U, I likely told Baker to buy better fitting wider shoes to help with his poor circulation and numbness.

14.	 Obtaining wider fitting New Balance shoes was a reasonable recommendation and accommodation for Baker, and he obtained them for at least five or six years.

15.	A review of the medical records evidences that I had other interactions with Mr. Baker, but those are not at issue in this lawsuit.

16.	A review of the information that is in my medical records evidences that my standard of care for Baker was reasonable.

17.	Inmate Baker has always been treated properly, and to established standards of care, based on his physical exam findings.

18.	Having reviewed the records pertaining to Plaintiff Baker, I can declare Baker's standard of care was reasonable. I never violated Baker's constitutional rights and the prison was not deliberately indifferent to his needs.

## **DECLARATION UNDER PENALTY OF PERJURY**

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the above statements are true and are based upon my personal knowledge.

DATED this 21st day of December 2018.

/s/ KENNON TUBBS
*(Signed copy of document bearing signature of Dr. Tubbs is being maintained in office of the Filing Attorney)*